# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Syed Tahir Turab Naqvi*
Case No. 3:25-cr-00011-TMB-MMS-2

By:	THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:	ORDER FROM CHAMBERS

At the continued trial setting conference on June 3, 2025, the Court instructed the Government that the deadline to file its Motion to Reopen Bail Review is on Friday, June 5, 2025, with Response from the Defendant Syed Naqvi due by Monday, June 9. 2025.[1] The Court now **ADVANCES** the deadlines for filing. The Government shall file its Motion **by noon on Thursday, June 5**, with Defendant's Response due by **5:00 PM, Friday, June 6, 2025.**

In addition to the parties' argument on reopening the bail hearing, the Court **DIRECTS** the parties to answer the following questions in its briefing:

1. 8 C.F.R. § 215.2(a) states: "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States under the provisions of § 215.3." 8 C.F.R. § 215.3(g), states that the departure from the United States of any alien shall be "deemed prejudicial to the interests of the United States" if, among other reasons, the alien is a party to "any criminal case . . . pending in a court in the United States."
    a. In light of these regulations, would Naqvi's deportation be prejudicial to the United States?
    b. Define "departure" under relevant case law.

2. 8 C.F.R. § 215.3(g) states: "The departure from the United States of any alien within one or more of the following categories shall be deemed prejudicial to the interests of the United States. . . . Any alien who is needed in the United States as a witness in, or as a party to, any criminal case under investigation or pending in a court in the United States: Provided, That any alien who is a witness in, or a party to, any criminal case pending in any criminal court proceeding may be permitted to depart from the United States with the consent of the appropriate prosecuting authority, unless such alien is otherwise prohibited from departing under the provisions of this part."
    a. In light of this regulation, must U.S. Immigration and Customs Enforcement ("ICE") seek the consent of the U.S. Department of Justice ("DOJ") before deporting Naqvi?
    b. Has ICE sought the consent of the prosecuting authority in this case to remove Naqvi from the United States?

---

[1] Dkt. 89 (Minute Entry).

1

      c. If ICE has sought the consent of the prosecuting authority, does the Government intend to consent to Naqvi's removal?

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 3, 2025.